BARKER *v.* MOSHER.

Pools or bets on a horse-trot are void, under Gen. Stats., *c* 254, *s.* 12; and an action cannot be maintained to recover either the price of tickets bid off in a pool, or money voluntarily furnished by the pool-seller to make up to the pool the price of tickets sold but not taken nor paid for by the bidder.

CASE. Facts found by a referee. The plaintiff was employed by the Keene Driving-Park Association to sell pools or bets on the trotting of horses on its grounds in August, 1875. A commission of one dollar on each sale was reserved, to be divided between the association and the plaintiff in compensation of his services. The defendant bid off at the pool-sale tickets in seven pools amounting to $42, but did not take the tickets from the plaintiff or pay for the same, nor did any of the tickets bear the name of the winning horse in the race for which they were sold. The plaintiff paid the winners the full amount of the seven pools, less the commission, in which the defendant had bought tickets, and demanded of him $42, the price of the tickets bid off by him, which he refused to pay, saying he did not buy the tickets for himself, and did not intend to take them. It did not appear that the defendant requested the plaintiff to pay the price of the tickets. A sufficient entry of the sales of each of the pools was made by the clerk, in a book kept for that purpose. The $42 paid by the plaintiff as the price of the tickets was his private loss.

*D. H. Woodward*, for the plaintiff.

The law, as expressed in *Winchester* v. *Nutter*, 52 N. H. 507, applies to the facts found in this case, and for the reasons therein stated the plaintiff is entitled to judgment.

It is clearly seen that the plaintiff has no interest in any bet. To illustrate: Suppose A bids $10 for the first choice, and it is struck off to him: he selects his horse, a record is made of it, and he pays his money, and takes a ticket to show what he has done. B, in like manner, bids off the second choice for $5, selects his

horse from the remaining horses in the race, pays his money, and takes a ticket to show what he has done. C, in like manner, bids and has struck off to him all the remaining horses in the race for $3. In this case the whole transaction constitutes a pool, and $18 is the sum of money in it to be won by one of parties, A, B, or C. Now the plaintiff who sold the pools has not the least interest whether this sum of $18 is won by A, B, or C. The sum of one dollar, one half of which went to help the society and the other half to the plaintiff to pay for expenses of selling, depends on no contingency, for it is payable anyway. It makes no difference who wins the pool: the sum of one dollar is payable, and the plaintiff is no party to the bet. If it is claimed that if the pool had not been sold the one dollar would not have become payable, so it is clearly seen, in the case cited, if there had not been a squirrel-hunt and a bet which side should win, there would have been no oyster-supper to contend about. As the oyster-supper followed from the bet on the hunt, so the one dollar followed from selling the pool. As the landlord was not a party to the bet, so far as to exclude him from recovering for the supper, so this plaintiff is not a party to this pool, so that he should be excluded from recovering for money defrauded out of him. There is no reason that can be assigned, it seems to us, why the case cited should not control the present one.

*Albee*, for the defendant, cited Gen. Stats., *c.* 254; *Roby* v. *West*, 4 N. H. 285; *Perkins* v. *Eaton*, 3 N. H. 152; *Hoit* v. *Hodge*, 6 N. H. 104.

CLARK, J. The plaintiff claims to recover the price of tickets bid off by the defendant in seven pools sold by the plaintiff on a horse-race. The plaintiff having paid the pools to the several winners, including the price of the tickets bid off by the defendant, demanded payment of the defendant, which was refused. If any action can be maintained by the plaintiff, it must be either for the price of the tickets, or for money paid by the plaintiff for the defendant. It appears from the case that pool-selling is a method of betting, and that the price of the several tickets bid off by the defendant constituted the amount of his bets on the races. By Gen. Stats., *c.* 254, *s.* 12, all bets and wagers of this character are void, and therefore the plaintiff cannot recover the price of the tickets. He cannot maintain an action for money paid, because it does not appear that the defendant requested the plaintiff to pay the price of the tickets for him. The case differs from *Winchester* v. *Nutter*, 52 N. H. 507. In that case, the plaintiff's claim was founded upon a valid contract. In this case, the plaintiff's claim rests upon a contract declared void by statute.

*Judgment for the defendant.*

BINGHAM, J., did not sit: the others concurred.